**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

DONNIS NEVELS,

                Plaintiff,                Case Number: 1:18-cv-12142
                                                        HON. THOMAS L. LUDINGTON

v.

DEBORAH A. ELLENWOOD, RN,
KIMBERLY A. KORTE, RN, and CORIZON
HEALTH, INC.,

                Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

**I.**

Plaintiff Donnis Nevels, currently confined at Gus Harrison Correctional Facility in Adrian, Michigan, filed this civil rights action under 42 U.S.C. § 1983. In his complaint, Plaintiff alleges defendants Ellenwood and Korte, nurses at Gus Harrison, were deliberately indifferent to his serious medical needs, and that defendant Corizon Health, Inc., the contract healthcare provider for the Michigan Department of Corrections, has a policy of denying necessary medical treatment.

**II.**

On December 19, 2017, after requesting medical care three days earlier, Plaintiff was seen by Defendant Ellenwood. Compl. at 2-3, ECF No. 1, PageID.2-3. Plaintiff informed Ellenwood of increasing pain in his right knee, numbness and swelling in his knee and leg, and pain in his back and hip as well as a change in gait caused by the knee problem. *Id*. at 3. Ellenwood performed no exam on Plaintiff's knee but provided him several packets of ibuprofen and acetaminophen. *Id.* In response to Plaintiff's request for an X-ray or MRI, Ellenwood told him it would do no good and

was likely not to be approved. *Id.* When Plaintiff emphasized the pain he was experiencing, Ellenwood told him to talk to the doctor. *Id.* She did not schedule a doctor's appointment for Plaintiff. *Id.*

Plaintiff filed a grievance over this issue on December 22. *Id.* Defendant Korte denied the grievance on January 9, 2018. *Id.* The same day, Korte provided Plaintiff an "Ace Wrap" for his knee. *Id.* Plaintiff appealed the grievance denial through Step III. *Id.* at 3-4.

Plaintiff's sole allegation against Defendant Corizon Health is that it has a "policy of denying medical treatment requests, to the extent that their employees do not even seek approval because they know the request will be denied[.]" *Id.* at 4.

### III.

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to dismiss *sua sponte* an *in forma pauperis* complaint before service if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). "[D]etailed allegations" are not necessary, but under Rule 8(a) the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds

upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts need not "accept as true a legal conclusion couched as a factual allegation[,]" and any "naked assertion[s]" require "further factual enhancement" to comply with Rule 8(a). *Id*. at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 570).

A pro se civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Consistent with *Twombly* and *Iqbal*, the Sixth Circuit has observed that "[d]espite the leniency afforded to . . . pro se litigant[s], however, our standard of review requires more than the bare assertion of legal conclusions, and thus the complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted). A plaintiff must also allege "more than just mere negligence." *Fisher v. City of Memphis*, 234 F.3d 312, 317 (6th Cir. 2000) (citing *Collins v. City of Harker Heights*, 503 U.S. 115 (1992) (other citation omitted).

## IV.

### A.

A government entity may be held liable when execution of its policy causes injury. *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)). A private entity which performs a traditional state function under contract to the state, "such as providing medical care to prison inmates[,]" also "may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (citing *West v. Atkins*, 487 U.S. 42, 54 (1988)), *abrogation on other grounds recognized by Warren v. Prison Health Servs., Inc.*, 576 F. App'x 545, 559 (6th Cir. 2014). A private contractor is liable for its own policies or customs. *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) (citations omitted).

"For liability to attach to [a policymaker], the plaintiff must show that 'deliberate action attributable to [it] directly caused a deprivation of federal rights.'" *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (quoting *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997)). Plaintiffs must "show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 442 (6th Cir. 2000) (quoting *Board of County Comm'rs*, 520 U.S. at 405). Private contractors' policies are evaluated under the same standard as the government entity that employs them. *Starcher*, 7 F. App'x at 465.

Evaluated against both the rules governing pleadings and the requirements to establish a policymaker's liability, Plaintiff's claim against Defendant Corizon Health fails. Corizon is entitled to the same "fair notice" due any defendant under Federal Rule of Civil Procedure 8(a). *Twombly*, 550 U.S. at 555. Plaintiff's single allegation, that Corizon has a policy of denying

necessary medical treatment, is no more than a "naked assertion," lacking the factual support *Twombly* requires. Even construed liberally, and with all facts and inferences viewed in a light favorable to Plaintiff, the complaint provides no factual basis regarding Corizon's intentional action as a policymaker nor any causal link between its actions and his constitutional injury.

**B.**

A constitutional claim for the deprivation of adequate medical care "has two components, one objective and one subjective." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001), *cert. denied*, 537 U.S. 817 (2002)). The objective component requires a plaintiff to show the existence of a "sufficiently serious" medical need. *Dominguez*, 555 F.3d at 550 (6th Cir. 2009) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

To establish a serious need for medical care, "*Farmer* requires only that 'the inmate show that he is incarcerated under conditions posing a substantial risk of serious harm[,]' so as to avoid 'the unnecessary and wanton infliction of pain.'" *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 896 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 834). A serious medical need may be demonstrated by a physician's diagnosis mandating treatment or a condition that "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 897 (citations omitted).

Establishing the second, subjective, component "requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Dominguez*, 555 F.3d at 550 (quoting *Comstock*, 273 F.3d at 703). Deliberate indifference requires "more than negligence or the misdiagnosis of an ailment." *Comstock*, 273 F.3d at 703 (citations omitted). Courts evaluating such a claim "distinguish between cases where

the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976)).

"Where a prisoner alleges only that the medical care he received was inadequate, 'federal courts are generally reluctant to second guess medical judgments,' although 'it is possible for medical treatment to be 'so woefully inadequate as to amount to no treatment at all.''" *Id.* (citing *Westlake*, 537 F.2d at 860 n. 5). But "a desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim." *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Rhinehart v. Scutt*, 509 F. App'x 510, 513–14 (6th Cir. 2013)) (other citation omitted). *See also Alspaugh*, 643 F.3d at 169 (while "Alspaugh certainly would have desired more aggressive treatment, he was at no point denied treatment.").

Plaintiff's complaint passes the first of *Twombly*'s two steps, in that the allegations against Ellenwood and Korte are factual in nature. However, the complaint does not plausibly establish Defendants' liability. Under the two-pronged test for a deprivation of adequate medical care, with the Complaint's allegations and inferences viewed in a light most favorable to him, Plaintiff is unable to meet either the objective or subjective component. First, his knee condition is not a serious medical need, as it is not the kind of condition that would be obvious to a layperson that it requires the attention of a doctor. *See Blackmore*, 390 F.3d at 897 (noting that serious medical needs "involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem [whereas] delay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute a [constitutional] violation." (quoting *Hill v. Dekalb Reg'l Youth Det. Center*, 40 F.3d 1176, 1187-88 (11th Cir.1994)).

Second, Plaintiff's factual allegations demonstrate that he desired different or more aggressive care, but not that he was denied medical treatment. *Alspaugh*, 643 F.3d at 169. Defendants Ellenwood and Korte did provide medical care: Plaintiff initially received over-the-counter pain medication from Ellenwood and, less than a month later, an Ace bandage from Korte.

Sixth Circuit cases illustrate that medical care in the prison context often begins at a low level, then escalates as need develops. *See*, *e.g.*, *Mitchell*, 553 F. App'x at 603, 606 (finding no constitutional injury in "an unbroken history of escalating pain treatment" which commenced with "mild, over-the-counter painkiller" and "analgesic balm," before X-rays and other treatment several months later); *Alspaugh*, 643 F.3d at 165 (initial treatment of a neck injury was a "soft cervical collar"; almost a month later, the doctor continued use of the collar as well as "warm compresses[] and Motrin."); *Mack v. Wilkinson*, 90 F. App'x 866, 868 (6th Cir. 2004) (treatment of backpain with Tylenol and warm compresses while the plaintiff waited for a renewal of a Motrin prescription). Plaintiff's Complaint was filed after no more than two medical visits, the care at which appears very typical for the stage and nature of his medical needs.

Plaintiff's claim of deliberate indifference also rests on Defendant Ellenwood's failure to schedule a doctor's appointment for him. Complaint at ¶¶ 12, 21, ECF No. 1, PageID 3, 5. However, he provides no explanation for his own lack of diligence in seeking that appointment or otherwise pursuing further treatment and/or diagnostic testing. Plaintiff has demonstrated that he knows how to obtain medical care, by "submitt[ing] a medical kite[,]"and he has not alleged any impediment to requesting further care. *Id*. at ¶ 8, PageID.2.

Plaintiff's failure to pursue further care undermines any allegation of serious medical need or deliberate indifference. *See Pinkston v. Madry*, 440 F.3d 879, 892 (7th Cir. 2006) ("if anyone was indifferent to Pinkston's injuries, it was Pinkston himself. . . [Because he] did not submit a

medical attention request form until [four days after his injury,] even Pinkston did not consider his injuries serious enough that they rose" to a serious medical need.); *Brown v. Coffee Cty., Tenn.*, No. 4:08-CV-93, 2009 WL 5205367, at *11 (E.D. Tenn. Dec. 23, 2009) ("Plaintiff Bell's failure to seek additional treatment . . . when his finger was getting progressively worse, does not provide a basis upon which the Court may find that Defendants acted with a culpable state of mind as to his injuries" because he "knew the procedure for requesting medical treatment[.]")

Ellenwood and Korte were not deliberately indifferent for starting Plaintiff's treatment with over-the-counter medication. Plaintiff's allegations do not establish a plausible case of Defendants' liability.

**V.**

Accordingly, it is **ORDERED** that the complaint is summarily **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

It is further **ORDERED** that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For the same reason, leave to appeal *in forma pauperis* is **DENIED.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 24, 2019

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney by electronic means and **Donnis Nevels** # 376824, GUS HARRISON CORRECTIONAL FACILITY, 2727 E. BEECHER STREET, ADRIAN, MI 49221 by first class U.S. mail on January 24, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager